UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES DELMAR RICE III and
MARGARET ANN RICE,

       Plaintiffs,

v.                             CASE NO. 8:06-cv-1660-T23TGW

FEDERAL BUREAU OF INVESTIGATION,
et al,

       Defendants.
_____/

## O R D E R

Following the second dismissal without prejudice of the action, the plaintiffs were directed to file any second amended complaint on or before October 11, 2006. Upon the plaintiffs' successive "emergency motion[s]," the court twice extended the deadline to file any second amended complaint: first until October 31, 2006 and then until November 30, 2006. More than one month after the final extended deadline, the plaintiffs fail to file a second amended complaint or to move for an extension of time.

Proceeding pro se, Charles Delmar Rice III and Margaret Ann Rice purported to sue federal, state, county, and municipal governmental entities for allegedly "having in concert acted in a consortium to conspire against the Plaintiff(s) to proceed in a plot to plan unlawful criminal acts to their described state statue(s) mandated by Federal laws."[1] The court dismissed sua sponte plaintiffs' two prior complaints (Docs. 1, 7) for

---

[1]The plaintiffs attempted to sue the Federal Bureau of Investigation; the Florida Department of Law Enforcement; the Twelfth Judicial Circuit Court, Sarasota County, Florida; the Sarasota County State Attorney; the Sarasota County Sheriff; the Monmouth County Prosecutor, Freehold, New Jersey; and the Marlboro Police Department, Marlboro, New Jersey.

failure to comply with the Federal Rules of Civil Procedure.  Both complaints failed to

identify each distinctive count expressing a distinct claim against one or more

defendants; failed to identify the law allegedly violated by each defendant; failed to

differentiate by time, place, and manner each defendant's role in the alleged conspiracy;

failed to plead the factual and legal components establishing the jurisdiction of the

district court over either the action or any defendant; and failed to otherwise satisfy the

requirements of Fed. R. Civ. P. 8 and 10.[2]  Although a pro se pleading enjoys liberal

construction, the pleading must conform to the minimal requirements of the Federal

Rules of Civil Procedure and provide each defendant with fair notice of both the

asserted claims and the grounds upon which the claims rest.[3]  See Conley v. Gibson,

355 U.S. 41, 47 (1957).

   Both orders of dismissal informed the plaintiffs of (1) the necessary pleading

requirements under the Federal Rules of Civil Procedure and the Local Rules to state a

claim, (2) the appropriate stylistic requirements for filings under the Local Rules,

including margin, line spacing, footnote, and font requirements, (3) the procedures for

---

[2]Rule 8, Federal Rules of Civil Procedure, requires "a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief . . . .  Each averment of a pleading shall be simple, concise, and direct."  Rule 10(b) explains that "[a]ll averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances. . . .  Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."

[3]A plaintiff is entitled to proceed pro se, and a pleading drafted by a pro se party is interpreted under less stringent standards than a pleading drafted by an attorney.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, "[e]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

effectuating service of process after filing a second amended complaint that conforms

with the Federal Rules of Civil Procedure and the Local Rules, and (4) the procedure for

proceeding in forma pauperis, which appeared necessary because of the plaintiffs'

failure to pay the requisite filing fees.  Additionally, the dismissal order of September 25,

2006, informed the plaintiffs that the "failure to comply substantially with these pleading

requirements will result in the dismissal of the action with finality."

Accordingly, this action is **DISMISSED WITH PREJUDICE**.  See Wahl v. McIver,

773 F.2d 1169, 1174 (11th Cir. 1985) ("The district court has the authority to enter

default judgment for failure to prosecute with reasonable diligence or to comply with its

order or rules of procedure.")  The Clerk is directed to (1) terminate any pending motion

and (2) close the case.

ORDERED in Tampa, Florida, on December 29, 2006.

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

cc:   US Magistrate Judge
      Courtroom Deputy